(Decided 29th June, 1881.)

WILLIAM. A. MOALE, Executor *vs.* THE MAYOR OF BALTIMORE, MICHAEL DUFFY and JOHN J. GRIFFISS.

*Injunction to prevent the Removal of a wooden building in the
City of Baltimore, refused.*

M. leased to F. and his assigns a certain lot in Baltimore City for a term of five years. The lease contained the following agreement: "If the city authorities shall require the removal of the buildings to be erected on the aforesaid lot, or if said buildings shall be removed by legal process, in those cases, this lease shall be null and void from the date of such removal." Under this lease F. erected certain wooden buildings, which were used by him as a riding school. Afterwards, and before the expiration of the lease, F. mortgaged his interest in the lot and buildings to W., and upon a sale thereof, under the mortgage, D. became the purchaser. Upon complaint of persons in the neighborhood, the Mayor of Baltimore City revoked the permit which he had granted to F. to erect wooden buildings on the lot, and notified D. as the owner, to remove the same within sixty days. The Ordinance, under which this notice was given, provides, that "all permits granted for the erection of frame sheds * * * may be revoked, and the same shall be removed after sixty days' notice by the Mayor;" * * * * On a bill filed by M. to restrain D. from removing the wooden buildings erected on the lot under the lease, on the ground that the Ordinance of the City authorizing the Mayor to revoke permits.

Moale, Ex'r *vs.* Mayor of Baltimore, *et al.*

granted for the erection of wooden buildings, was unconstitutional and void, it was HELD:

1st. That as between the parties to the controversy, the validity or invalidity of the Ordinance was not a matter open for inquiry.

2nd. That the right of F. and his assigns to remove the buildings erected on the lot, whenever so required by the city authorities, was a part of the agreement between the parties to the lease, and upon the faith of which the buildings were erected.

3rd. That the contract between them was made with a view to the then existing Ordinance on the subject, and its validity and binding force was not only acknowledged by them, but formed a part of the agreement.

4th. That the complainant had no right to ask a Court of equity, to restrain D. from exercising a right to which he was entitled under the lease.

APPEAL from the Circuit Court of Baltimore City.

The bill of complaint of William A. Moale, executor of William A. Moale, deceased, prayed that an injunction might be issued against Michael Duffy, John J. Griffiss and the Mayor of Baltimore, enjoining them collectively and severally, from tearing down or attempting to tear down a certain building erected by Charles Feutrier, on a lot of ground leased to him for a term of five years, by the complainant's testator, and from carrying out or attempting to carry out the provisions of sec. 30, of Art. VII, entitled "Buildings," of the Baltimore City Code of 1879, and ordering said Mayor of Baltimore to revoke the notice which he had given to said Michael Duffy, of the revocation of the permit to erect a frame building on the aforesaid lot of ground, and directing him to remove the same within sixty days from the receipt of the notice. John J. Griffiss was the trustee who sold under a decree of the Circuit Court of Baltimore City, the mortgaged interest of the said Feutrier in the lot, and in the buildings erected thereon.

The Court (DOBBIN, J.) refused the injunction prayed for, being of opinion that the complainant held no such relation to the matter, as to entitle him to an injunction to restrain the city authorities from abating a nuisance, for the protection, by its continuance, of a landlord in his rents, the owner of the property himself not objecting to the removal of the nuisance.

From the order refusing the injunction, the complainant appealed.

The cause was argued before BARTOL, C. J., GRASON, ALVEY, ROBINSON, IRVING, RITCHIE and MAGRUDER, J.

*David Stewart,* for the appellant.

*James L. McLane, City Counsellor,* and *Wm. Pinkney Whyte,* for the appellees.

ROBINSON, J., delivered the opinion of the Court.

The preliminary injunction was properly refused in this case.

In 1878, William A. Moale, it appears, leased to Charles Feutrier and his assigns, a lot in Baltimore City, for a term of five years.

The lease contained the following agreement:

"That if the city authorities shall require the removal of the buildings to be erected on the aforesaid lot, or if said buildings shall be removed by legal process, in those cases, this lease shall be null and void from the date of such removal."

Under this lease Feutrier erected certain wooden buildings, which were used by him as a riding school.

Afterwards and before the expiration of the lease, Feutrier mortgaged the premises to Sophia White, and upon a sale under the mortgage, Michael Duffy, one of the appellees, became the purchaser of the property.

Upon the complaint of persons in the neighborhood, the Mayor of Baltimore City revoked the permit granted to Feutrier to erect wooden buildings on the lot, and notified Duffy as owner, to remove the same within sixty days.

The Ordinance under which this notice was given, provides that,

"All permits granted for the erection of frame sheds, * * * * may be revoked, and the same shall be removed after sixty days' notice by the Mayor;" * * * * *Baltimore City Code of* 1879, *Art.* 7, *sec.* 30.

The appellant, as executor of Moale, now seeks to restrain Duffy from removing the wooden buildings erected on the lot under the lease, on the ground that the Ordinance of Baltimore City authorizing the Mayor to revoke permits granted for the erection of wooden buildings, is unconstitutional and void.

As between the parties to this controversy, the validity or invalidity of the Ordinance in question, is not a matter open for inquiry. In answer to the appellant's contention, it is sufficient to say, that the right of Feutrier and his assigns, to remove the buildings erected on the lot, whenever so required by the city authorities, was a part of the agreement between the parties to the lease, and upon the faith of which the buildings were erected.

The contract between them was made with a view to the then existing Ordinance on the subject, and its validity and binding force was not only acknowledged by them, but formed a part of the agreement.

The appellant has no right therefore, to ask a Court of equity to restrain Duffy from exercising a right to which he is entitled under the lease.

The order refusing the injunction will be affirmed.

*Order affirmed.*

(Decided 29th June, 1881.)